IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO NGWAZI X WOOTEN,

    Plaintiff,      No. 2:12-cv-0636 JFM (PC)

    vs.

BOUDINOT, et al.,      <u>ORDER AND</u>

    Defendants.      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

    On July 16, 2012, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). By order filed August 24, 2012, plaintiff's motion for a sixty day extension of time to oppose the motion was granted. On November 8, 2012, plaintiff filed a second motion for extension of time to oppose the motion, and on November 13, 2012, plaintiff filed a motion for court-ordered access to legal supplies.

    Section 1915(e)(2) of Title 28 of the United States Code requires the court to dismiss a case "at any time if the court determines that", <u>inter alia</u>, the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). For the reasons set forth <u>infra</u>, in light of the contentions raised in defendants' motion to dismiss this court finds that plaintiff has

1

1  failed to state a claim on which relief may be granted and that the defects in the complaint would
2  not be cured by amendment.  Accordingly, plaintiff's motions for extension of time and for court
3  ordered access to legal supplies will be denied, and the court will recommend that defendants'
4  motion to dismiss be granted.
5        As noted above, 28 U.S.C. §1915(e)(2) requires dismissal of an action at any time
6  that the court determines that the action "fails to state a claim upon which relief may be granted."
7  28 U.S.C. § 1915(e)(2).  This language tracks the language of Fed. R. Civ. P. 12(b)(6), which
8  governs motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed.
9  R. Civ. P. 12(b)(6).  In considering whether a complaint states a claim upon which relief may be
10 granted, the court must accept as true the allegations of the complaint in question, Erickson v.
11 Pardus, 551 U.S. 89, 127 S.Ct. 2197  (2007), and construe the pleading in the light most
12 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive
13 dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation
14 of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right
15 to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554
16 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give
17 the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"
18 Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v.
19 Gibson, 355 U.S. 41, 47 (1957).
20        Plaintiff's complaint contains the following allegations:
21        On approximately 1-26-12, at approxly [sic] 1400 hrs. Officer
           Boudinot and Alvarez respond to Stardust Motel due to Micheal
22        Grayson assaulted me.  Punched me in mouth.  Push front tooth
           thru bottom gum.  Upon my request for medical treatment for lip
23        injury and arrest assailant both officers denied me medical
           treatment and attention.  Also right process citizen's complaint
24        against assailant.
25 Complaint, filed March 13, 2012, at 3.  Defendants seek dismissal on the grounds that the alleged
26 failure to summon medical assistance for plaintiff did not violate his right to substantive due

process, and plaintiff had no constitutional right to the initiation of legal proceedings against his assailant.

While citizens have a liberty interest in "bodily security . . . the state's failure to protect that interest does not violate the Fourteenth Amendment, unless one of two exceptions applies: (1) the special relationship exception, or (2) the state-created danger exception. See DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs., 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Patel v. Kent Sch. Dist., 648 F.3d 965 (9th Cir.2011)." Campbell v. State of Washington Dept. Of Social and Health Services, 671 F.3d 837, 842 (9th Cir. 2011). The "'special relationship exception' is created when 'the State takes a person into its custody and holds him there against his will.'" Campbell, id. (quoting DeShaney, 489 U.S. at 199–200, 109 S.Ct. 998). "The state-created danger exception creates the potential for § 1983 liability where a state actor 'creates or exposes an individual to a danger which he or she would not have otherwise faced.'" Campbell, at 845 (quoting Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir.2006)).

Plaintiff alleges that the two defendants in this action, both peace officers, responded to a call after plaintiff was assaulted by another private citizen. It is plain from the allegations of the complaint that plaintiff was not under arrest at the time of the events complaint of. It is also plaintiff that defendants did nothing to anything to expose plaintiff to the danger of assault from the other individual. Accordingly, plaintiff's federal constitutional rights were not violated by defendants' alleged failure to summon medical assistance for plaintiff or to arrest his assailant. Since it does not appear that the defects in plaintiff's complaint could be cured by amendment, this action should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 8, 2012 motion for extension of time (Doc. No. 18) is denied;

/////

2. Plaintiff's November 13, 2012 motion for court-ordered pro per status and access to legal supplies (Doc. No. 19) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' July 16, 2012 motion to dismiss (Doc. No. 13) be granted; and

2. This action be dismissed for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2013.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
woot0636.mtd